UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

LISA JESSEN,

                  Plaintiff,

                                                Case No. 09-12280
v.                                      Honorable David M. Lawson

CIGNA GROUP INSURANCE and LIFE
INSURANCE COMPANY OF NORTH
AMERICA,

                  Defendants.
_____/

## CORRECTED ORDER DENYING MOTION FOR COSTS AND ATTORNEY'S FEES

The Court enters this corrected order today to correct typographical errors in the previous order entered July 1, 2011. No substantive changes have been made to the previous order.

This matter is before the Court on the plaintiff's motion for costs and attorney's fees. On June 21, 2011, this Court entered an opinion and order granting plaintiff's motion to reverse administrative denial of insurance benefits and denying defendant's motion to affirm the administrator's decision. The plaintiff now requests costs and attorney's fees under Federal Rule of Civil Procedure 54 and 29 U.S.C. § 1132(g).

Federal Rule of Civil Procedure 54 provides that "costs — other than attorney's fees — should be allowed to the prevailing party." Fed. R. Civ. P. 54(d)(1). When attorney's fees are authorized by statute, Federal Rule of Civil Procedure 54 requires a party seeking attorney's fees to file a motion that must, among other things, "be filed no later than 14 days after the entry of judgment" and "state the amount sought or provide a fair estimate of it." Fed. R. Civ. P. 54(d)(2)(B)(i), (iii).

Section 1132 of Title 29 provides that a court, in its discretion, "may allow a reasonable attorney's fee and costs of action to either party" in an ERISA case. 29 U.S.C. § 1132(g)(1). When awarding attorney's fees under 29 U.S.C. § 1132(g), a court must consider the following five factors:

> (1) the degree of the opposing party's culpability or bad faith; (2) the opposing party's ability to satisfy an award of attorney's fees; (3) the deterrent effect of an award on other persons under similar circumstances; (4) whether the party requesting fees sought to confer a common benefit on all participants and beneficiaries of an ERISA plan or resolve significant legal questions regarding ERISA; and (5) the relative merits of the parties' positions.

*Shelby Cnty. Health Care Corp. v. Majestic Star Casino*, 581 F.3d 355, 376 (6th Cir. 2009) (internal quotations omitted); *see also Secretary of Dep't of Labor v. King*, 775 F.2d 666, 669 (6th Cir. 1985) (establishing the five-factor test). "No single factor is determinative," *Moon Unum Provident Corp.*, 461 F.3d 639, 642-43 (6th Cir. 2006) (per curiam), and a prevailing plaintiff is not necessarily entitled to attorney's fees, *First Trust Corp. v. Bryant*, 410 F.3d 842, 851 (6th Cir. 2005).

The court may only award a fee that is "reasonable." 29 U.S.C. § 1132(g). To determine a reasonable fee, the court must first determine the "lodestar" amount (the product of multiplying the number of hours reasonably expended on the litigation by a reasonable hourly fee) and then reduce or augment that amount by considering other case specific factors. *Hensley v. Eckerhart*, 461 U.S. 424, 433-37; *Building Serv. Local 47 Cleaning Contractors Pension Plan v. Grandview Raceway*, 46 F.3d 1392, 1401 (6th Cir. 1995). The party seeking to recover fees bears the initial burden of substantiating the hours worked and the rate claimed. *Hensley*, 461 U.S. at 433; *Wooldridge v. Marlene Indus. Corp.,* 898 F.2d 1169, 1176 (6th Cir. 1990).

The plaintiff argues that the first and fifth factor of the five-factor *King* test weigh in favor of allowing the plaintiff attorney's fees because the defendant acted in bad faith by disregarding controlling federal law and concocting an unworkable definition of the term "accident". The

-2-

plaintiff also argues that the remaining three factors of the *King* test weigh in favor of allowing the plaintiff attorney's fees. The plaintiff's motion does not state the amount of attorney's fees requested, nor does it provide the Court with an affidavit or other documentation the Court could use to calculate the lodestar amount. The plaintiff contends that her motion "will be supplemented to provide for the sum certain in costs and attorneys fees requested, along with all underlying evidentiary corroboration." The plaintiff's promise, however, does not remedy the underlying problem — the Court cannot allow for attorney's fees before the party requesting them provides the Court with a means to calculate a reasonable amount. Motions ought to be complete when filed.

The plaintiff may very well be entitled to attorney's fees, but the Court cannot make a determination until the plaintiff submits the information required by federal law. Therefore, the plaintiff's motion will be denied because it has not (a) requested a specific amount, (b) stated the number of hours counsel worked on the matter, or (c) provided a method for determining a reasonable hourly fee.

Accordingly, it is **ORDERED** that the plaintiff's motion for costs and attorney's fees [dkt. #28] is **DENIED**.

> s/David M. Lawson
> DAVID M. LAWSON
> United States District Judge

Dated:  July 25, 2011

**PROOF OF SERVICE**

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on July 25, 2011.

s/Deborah R. Tofil
DEBORAH R. TOFIL

-3-

-4-